FILED

MAY 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY WAYNE ROSS,

Defendant - Appellant.

No. 09-10010

D.C. No. 4:06-cr-00637-SBA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, United States District Judge, Presiding

Argued and Submitted May 11, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Gary Wayne Ross appeals his conviction by a jury for attempted online solicitation of a minor in violation of 18 U.S.C. § 2422(b). He makes four arguments, none of which entitles him to relief.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

First, Ross contends that there was insufficient evidence that he took a "substantial step" towards attempting to persuade, induce, entice or coerce a person under 18 years of age to engage in sexual activity that would constitute a criminal offense. *See United States v. Goetzke*, 494 F.3d 1231, 1234-35 (9th Cir. 2007); 18 U.S.C. § 2422(b). To prevail on this claim, Ross must demonstrate that "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found [such a substantial step] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To constitute a substantial step, "the defendant's actions must go beyond mere preparation, and must corroborate strongly the firmness of the defendant's criminal intent." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (quoting *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995)). The internet chats, emails exchanges and phone calls between Ross and his alleged victim, not to mention his travel to a location that he thought was her home, provided the jury with ample evidence from which to conclude that he took such a step. *See Goetzke*, 494 F.3d at 1237.

Ross's other three arguments concern the defense of entrapment. To prevail on an entrapment defense, a defendant must both have been induced by the government to commit the crime and have lacked the predisposition to do so. *See United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000). "An improper

inducement goes beyond providing an ordinary opportunity to commit a crime. An inducement consists of an opportunity *plus* something else—typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive." *Id.* at 701 (citations, alterations, and internal quotation marks omitted). Government agents simply presented Ross with an opportunity—a curious thirteen year old girl repulsed by neither Ross's age nor his taste in graphic pornography. They did nothing that could be categorized as pressure, solicitation, or altering "the normal balance between risks and rewards from commission of the crime." *Id.* at 702-03. Accordingly, there was no inducement.

Ross's second, third and fourth contentions all fail because of the absence of inducement. Ross's second contention is that he was entrapped as a matter of law, but without inducement there can be no entrapment. His third contention is that the district court gave an erroneous jury instruction as to the factors to be used to determine predisposition. Because there was no inducement, Ross's predisposition was of no moment and the instruction, erroneous or not, did not prejudice him. Finally, Ross contends that the district court erred by failing to give a limiting instruction barring the jury from considering stories downloaded by Ross some months after his arrest when determining his predisposition. Again there was no

prejudice because there was no inducement and hence no entrapment, regardless of

Ross's predisposition.

**AFFIRMED.**